Mr. Chan-Xool pled guilty to illegal reentry after deportation, and his sentence was enhanced. He was previously convicted of kidnapping and manslaughter in California. He was sentenced under the new guidelines, 2L1.2, and there's no dispute about the calculation of those guidelines. The question is whether he should have gotten an additional criminal history point based on the belief that he had two convictions for crimes of violence, and we that point. There's no dispute that we're here on plain error. There is also no dispute that California kidnapping is not a crime of violence under this Court's precedent. It doesn't have the use of force, because, for example, it can be committed by tricking somebody into believing that you're arresting them, and it doesn't meet the generic definition of kidnapping. So the government's response is that, well, this defendant had an enhancement or they talk about it as a conviction for causing great bodily injury, and that makes that a crime of violence. We think the Ninth Circuit is absolutely right in Ramirez v. Lynch that it is not a crime of violence for two reasons. First, as the Ninth Circuit recognizes that enhancement is an enhancement. It is not a conviction, and the guideline talks about convictions. The Supreme Court used some language about being convicted, but it's clear looking at the statute and the case law that it is not a conviction. In fact, the statute itself talks about punishment, and the case law talks about, and even in this case, the defendant pleads true or admits true to the enhancement. It is similar to sentencing enhancements in federal court. For example, in the drug statute 841, a defendant convicted of some type of possession with intent to deliver a controlled substance gets a significant sentencing enhancement if he caused serious bodily injury or death. For example, a 5 to 40 range would increase to 10 to life. And it's exactly the same as the California case. Under Apprendi and Cotton and Alene, in federal court, those facts would have to be alleged in the indictment and found by the jury. But they are not a separate conviction. They are an enhancement. And so for that reason alone, the California provision does not render the kidnapping conviction a conviction for a crime of violence. The Ninth Circuit also pointed out in Ramirez v. Lynch that the offense does not involve the use of physical force. The case that the Ninth Circuit talks about, Guzman or People v. Guzman, is the classic causing serious bodily injury as a result of drunk driving. And while, and as the Ninth Circuit points out, it can be based on accidental conduct. It is still the law in LAICAL that negligent conduct cannot be considered the use of force. In fact, there doesn't have to be any force at all. The California provision, just like 841, can be applied to distributing drugs that causes serious bodily injury. And I apologize, I found this when I was preparing and I'm happy to do a 28-J letter. But in People v. Martinez, which is at 172 California Reporter 3rd, 793, that is exactly what happens. Somebody delivers a controlled substance to a person and then she dies. So the bottom line is that 12022.7 is neither a conviction nor does it involve the use of force and therefore it cannot turn the kidnapping into a crime of violence. The second argument- Does the Ninth Circuit that talks about recklessness, don't they treat that differently than we do? They do, Your Honor, and the language in the opinion says negligent and reckless, but if you look at people- So reckless would be different, but- Absolutely. Well, I'm not going to concede it, but under this circuit's law, yes, it would be different. Yes. But the case they cite, People v. Guzman, is a drunk driving case that results in injury and talks about accidental conduct is enough, and that's negligence. So I don't think that the Ninth Circuit reckless distinction makes any difference in this case. And as I'm noting, it doesn't require the use of force at all. It can be, I give you drugs, you overdose, therefore you get the great bodily injury enhancement. What if we're not sure? If we're not sure, then it's not plain. That's true, Your Honor, but I think that it is plain based on the California case law. I think it clearly is not, just starting from, it has to be a conviction, and it clearly is not a conviction. There is no case law that indicates that 1202.7 is a conviction, and the contrary is true. In fact, it's clear that California, it's clear from the judgment in Mr. Chan's case, it was not a conviction, it was a sentencing enhancement, and therefore it would not be a conviction. We've never held a sentencing enhancement used in this way, have we, in any context? No, but I don't think you could, because the guideline says guideline. It says conviction. That's a friendly question. Oh, okay, yes, that's correct, Your Honor. Thank you. You're absolutely right. You have not, Your Honor. I always get nervous when you say we've never held, but yes. The second question is whether... And we never will. No, don't get nervous. The second question is whether the manslaughter can get the extra point. And again, I think that looking at the plain language of the guideline and its commentary and the reasons for amendment, that the manslaughter cannot get the second point. This guideline, first of all, it talks about a point, the guideline itself says a point resulting from a conviction for a crime of violence. The commentary talks about convictions with an S for crime of violence. That guideline provision, both the government and I in our briefs talk about the change in 2011 when the guideline was changed to address the fact that multiple sentences can be considered a single sentence if they're in the same proceeding. In fact, that extra crime of violence point dates back to 1991 when it was added and when the guideline for single sentences was different. The guideline at that time talked about related sentences and treated them as a single sentence if they were related. And what the original crime of violence extra point guideline said was that prior convictions of crime of violence again, convictions of crimes of violence not arising from the same incident that would otherwise be treated. In other words, the concern was where they would be related. And interestingly, in Mr. Chan's case, even under that original guideline, he would not have gotten an extra point because the kidnapping and the manslaughter were part of the same incident. It was all part of the same offense, so he wouldn't have gotten the point. And the subsequent amendment, similarly 709, talks about multiple prior sentences for crimes of violence and gives an example of the two robberies. The government talks about the 2015 amendment to the provision ensuring that a crime of violence is counted under the career offender provision. And I think if you look at the reasons for the amendment and the way it works, it doesn't support the government's case. If anything, it supports ours. The problem with the career offender guideline and the reason for that change was the idea that defendants weren't getting career offender treatment at all because somehow the predicate offense, the crime of violence offense, was a shorter sentence than some other one and therefore wasn't counted. So what they said, and in fact that would be very rare, the example of theft and robbery, it's hard to imagine that robbery would get less time. But the idea was that the defendant should not escape career offender treatment just because it's the same. But in fact even that change specifies that they would only get one predicate. So in fact if a defendant had, say, two concurrent robbery convictions, they wouldn't get two predicates, they would get one. So I think both the language of the guideline, particularly the language of the commentary and the history of the reasons for that amendment reflect that it has to be two crimes of violence. Kidnapping is not a crime of violence, so he should not have gotten the extra point. I would note also that I don't think that the distinction between consecutive and concurrent makes any difference. The guideline and the commentary makes no such distinction. They talk about concurrent and consecutive. The court can certainly figure out which sentence was longer, the manslaughter sentence was longer, and then they were stacked together. If anything, there could be cases where a consecutive sentence, even under this theory, would not result in an extra point if somehow the two sentences were less than 13 months but only added together ended up being more than 13 months. In that case, the extra conviction would have gotten a point and there would not have been the additional point. So then we turn to the final question, which is this is on plain error. I think, and I do submit, I do think the error is plain. I think that it's clear this isn't a conviction. It's clear it's not a crime of violence. The judge gave a guideline sentence. She expressed some concern about it. She expressed concern about the nature of the offense, but weighed against that is her recognition that it was a long time ago, that there appear, there's a discussion, it appears to have been, it's a very serious offense, it appears to have been a major scuffle that went bad in which everyone was injured. It was 12 years before the sentencing and it had been six years since there was an offense. The government themselves, the prosecutor, only asked for a guideline sentence. And so we would submit that in fact the guideline, the judge did give three months above what was the correct guideline and we would submit that given the fact that this really was one offense, one incident that somehow was mistreated as two, that this court should remand for resentencing. Ms. Meyers, you didn't specifically discuss the fourth factor of plain error. It seems to me some of our case law addresses that the error needs to be serious. I don't want to serve three extra months, so I'm not volunteering, but we do look at the degree of the error at times and we don't correct all errors, even when there are errors. I doubt if you think that's appropriate case law, but isn't that our case law and how would you address that this is a fairly small error even if you are right? Well, I would note and I know the court is aware that the fourth prong is before the Supreme Court and what the standard is and how serious an error that matters. Well, we'll keep moving along until they tell us otherwise. But that being said, and I think as the court recognizes, the court's precedents are kind of all over the map about three months, but I would direct the court to the Supreme Court's case of Glover v. United States, which was an ineffective assistance case in which the Supreme Court basically recognized that any time that is greater than it should be is a significant error. And I do think in contrast to some other cases, it's not obviously if it was five years, it would be much better, but three months is a significant difference. It is particularly significant in light of the fact that this offense was 12 years ago. The nature of the error itself, which is treating it as two offenses, incorrectly treats it as two offenses. It was one. It was a capping that went wrong. And for those reasons, I would submit that it affects the fairness integrity of the proceeding. Do we know it would automatically be three months different? Well, we know it's three months above the correct guideline. I would like to believe that when we go back, the judge would give the bottom of the guidelines, and then it might be nine. But she made it very clear she wanted to go to the top of the guidelines. So, thank you. Thank you. Good morning, and may it please the court. Andrew Gould for the United States. The district court here properly assessed one criminal history point under 4A1.1e, primarily for the reason that the defendant's conviction for kidnapping while causing great bodily injury did qualify as a crime of violence. But even if this court were to disagree, however, the defendant has not met his extremely difficult burden to establish reversible plain error. Let me begin with the merits and whether there was error. With respect to the Ninth Circuit, we disagree that this is not a crime. I would point out to the court that this was in a footnote of the Ramirez discussion, and in fact, in some essence, it was dicta. Because the Ramirez court there, the main issue was whether a particular California statute, I believe it was felony child abuse, was it divisible or indivisible. And they found that it was indivisible. And that was really the end of the ballgame. And then there was an argument about 12022, and the court said, well, we declined to examine the sentence enhancement because of this divisibility. But, and then it goes on, and then it says, but it's not a crime, and oh, by the way, it can be committed recklessly or negligently. So there are two points there, and I want to address why I think each of them are incorrect. First, why it is, in fact, a crime is under the Apprendi and Alleen line of cases. That was not before, I mean, that argument was not before the Ninth Circuit. In Apprendi and Alleen, we know that any fact that creates a mandatory minimum sentence or increases a statutory maximum sentence is, in fact, an element of the offense. Let me read the line from Apprendi. This is footnote 19 of Apprendi. On the other hand, when the term sentence enhancement is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict. Indeed, it fits squarely within the usual definition of an element of the offense. And this was fleshed out more in Alleen, which is more recent. In Alleen, they talk about a new aggravating crime, and here is the quote, and this is from page 2161 of Alleen. This reality demonstrates the core crime and the fact triggering the mandatory minimum sentence together constitute a new aggravated crime, each element of which must be submitted to the jury. I've already explained in my briefing why this was an element, or excuse me, not proven to a jury beyond a reasonable doubt or admitted by the defendant in open court. But what we now see is based on Alleen, together the operation of these two creates a new aggravating crime. The core crime is kidnapping. The aggravating fact here is the causing great bodily injury. And under Apprendi in Alleen, that adds a new element of the offense. And so that's in the government's view, that is the new crime. It's not simple kidnapping. If it was simple kidnapping, we agree, it wouldn't qualify. Has any circuit court ever held this? Not that I'm aware of. So this is a truly novel argument. I believe, yes. And to be frank, it's an unusual fact pattern, which I think is why it hasn't come up before. In terms of 12022, in particular in terms of the federal courts, really all I could find was the Ramirez case, too. It opens the door to all sorts of new crimes of violence. It depends. I mean, I think it depends on how each state's statutory enhancement works, and the specific interplay. And let me say here, it's not that the 12022.7 enhancement automatically means that every single crime that's attached to it is a crime of violence. I think it turns on also what is the core crime. Because the federal public defender is right. This has been attached most commonly in the drunk driving scenario, which Leocal says does not, in the normal sense, qualify as a crime of violence. The federal public defender did share that case with me before argument, and I appreciate that. And it does apply to furnishing drugs. But here, the core crime is kidnapping, and I think that's what we can't lose sight of. And it's a novel argument, but it also points out that this is unclear. I mean, it's not clear, it's not obvious that this wouldn't qualify. Let me get back. I said there were two points that the Ninth Circuit made, the first being whether it's a crime in the second, on recklessness or negligence. And they rely on the Guzman case, the intermediate appellate court case. Now there, they didn't say that the conduct was accidental. The quote was, it's the accidental nature of the injuries. And I want to refer the court to what preceded that. Here's the quote. Here, appellant turned his vehicle onto oncoming traffic. This volitional act was the direct cause of the collision, and therefore was the direct cause of the injury. In some sense, the Guzman court was presaging what was going to come in Voisin, which this court recognized in Mendez Enriquez. The focus, when it comes to a use of force, isn't necessarily on the defendant's mens rea. It's on whether the act was volitional. And the Guzman court recognized it. I don't think that this crime, although the Ninth Circuit said that it could be committed negligently, I don't see that in all of these cases that are cited. Now again, it's in the drunk and driving context, which I agree is different. But it's not negligence. It's recklessness. And we know that recklessness qualifies. So with respect, we disagree with the Ninth Circuit. And again, we would point out, this isn't a footnote. It is a novel issue. It's on plain error review. It's not clear or obvious. But you can't, this is the problem. You shouldn't get double deference in this. You know, we use that in a different context, but you make a novel argument and then say, well, then it's not plain whether my novel argument is right or not, so we can't show clear error. It would seem that you would, if you were making an argument that's established and they can't, or something that they're arguing a novel thing to show why. But whenever it's the government that's arguing something that's a novel treatment, then we say, oh, well, it's not clear, so you've manufactured your lack of clarity. I mean, it's not a criticism. It's a compliment to some extent. Do you see what I'm saying? It's not the normal plainness. They're normally arguing for something that would be an extension or difference or new interpretation, and then we say, well, you can't show that's plain yet. Sure. I'm unaware of any case that has made that distinction that you're talking about, whether it's from the government side versus the defendant side. We don't know what would have happened had the defendant objected, you know, had the defendant objected below and said, whoa, whoa, whoa, this does not qualify as a crime of violence because it's simple kidnapping. I would hope that, in that case, the trial, AUSA, would do her own research or contact the appellate division, and then we might be presenting this argument before the district court. We didn't have that opportunity because it wasn't raised, and I don't think we should be penalized for that. I know you don't like these novel arguments, but I'm going to proceed with my other one. Your next novel argument. I'm going to proceed with my next novel argument, which is on the 4A1.1 and the text of the guideline. Well, counsel, before you double up on your novel team, you don't have any case that certainly deals with this particular argument, but the more general point that Judge Elrod was making, has plain error been found not to exist because of the absence of clarity due to some novel argument that no one's yet adopted? Not in those words, Judge Southwick. I believe there's the Trejo case, which talks about the absence of dispositive case authority, but I recognize that goes to a slightly different point. No, to be candid, I'm not aware of any case. I'm not saying that one doesn't exist. I'm just not aware. I'm sorry to interrupt you. One way to look at plain error is that it's plain in current case law. Correct. As opposed to perhaps something could be developed later that would make it less clear. And that to me is a more settled way to be considering plain error on each of the factors than saying is it particularly, and your argument's not necessarily off base, it has some plausibility to it, but if no one's yet adopted, can we really say that this error is not plain because here's something out there that one day California or somebody else may say is the right way to be looking at it? So I'm just thinking it may be just conceptually a problem in taking us down the road you're taking us, no matter how good your arguments are. I think, Judge Southwick, that at the bottom, the question is, is the error clear or obvious? And this isn't an attempt to manufacture and muddy the waters to make it unclear. This is just saying that on the merits, it may or it may not qualify. And for that reason, it's not clear or obvious. And I think that's the way that it should be thought of. Well, it's one thing to say something might be a crime of violence and nobody has said one way or the other. But here we have some law that says, here's how to look at this particular crime, footnote and Ninth Circuit, not the two best things to be saying to this court, but nonetheless, real law out there. Yes. The difference is, however, and there have been cases, and forgive me that the case name escapes me, but I know there's been recent cases in which this court has held in the other state statute, did it qualify as a crime of violence? Well, I actually believe it was the Ninth Circuit in the case I'm thinking of. And they say, well, there's a published Ninth Circuit case directly on point. It says it's not, therefore, we're going to find it's clear or obvious. The circumstances here are different. Again, this is in a footnote. It's in the government's view, it's dicta. And so I think this court should view it with a healthy dose of skepticism. Not because it's the Ninth Circuit, but because, in our view, it's just, it's, the issue is not analyzed properly to get to the conclusion that they reached. If I may turn to the 4A1.1 issue and why it's also not so clear. I agree with the federal public defender. If you look at the commentary, it's clear that both of them have to be crimes of violence. The problem is that's not what the guideline text says. But the commentary is different in this area, isn't it? It's incorporated in. Well, it's. It's not just random musings. Certainly not. You know, it's, it's, it's, it isn't, definitely you said it's incorporated in. So it's, it's an application note. So it says this is how this should be applied. The problem is that, arguably, it conflicts with the plain text of the guideline itself. The guideline itself doesn't use the plural. I mean, for whatever reason, it says add one point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points. And when this, so when this first came into being back in 1991, and they used different language, a slightly different language there, I wouldn't know that that was before the Stinson decision, which, you know, talks about the conflicts between guideline text and commentary. Maybe the Sentencing Commission didn't really think it was an issue in terms of the conflict between the text and the commentary, because the commentary says, well, the commentary is clear on this point. Stinson says what it says in terms of if there is a clear conflict in the text and the commentary, text wins. I would say that's another reason why the error isn't necessarily clear or obvious. But even if you disagree with both of those, both of my merits points, and you find that it is clear or obvious, the defendant still has to meet the third and fourth prongs of plain error review, and I don't think he can. On the third prong, certainly there's Molina-Martinez, and Molina-Martinez weighs in the defendant's favor. The problem is that Molina-Martinez also doesn't foreclose the possibility of the government pointing to evidence in the record that meets the government's, excuse me, for the government essentially to show that there is no reasonable probability of a lesser sentence. We have that here. I mean, here we have, and this is at ROA 63, when the district court is going through the colloquy, the district court expressly states its reluctance to stay within the guideline range. Forget what the government recommended. I mean, the district court obviously has an independent obligation to decide what is an appropriate sentence under the 3553A factors. It expressly stated its reluctance to stay within that, and then it imposed the 30-month sentence, which is at the high end of the range, and it stated that it was necessary because of the serious nature of the prior convictions. In candor, if this were a preserved error, I would not be arguing that it's harmless. The burden has shifted, however. The burden is now on the defendant to show a reasonable probability of a lesser sentence. I don't think, based on those statements, he can do so. If you disagree, we get to the fourth prong of plain error. We know from Escalante-Reyes it's not automatic. We know from numerous cases of this court that a mere sentence increase is not enough. In Solano-Hernandez, which the government cites in its brief, one of the factors that comes into play is the defendant's criminal history. While we can't consider the facts for whether it's a crime of violence, it certainly can be considered for the fourth prong. The defendant here kidnapped and killed a man. Would, in the words of United States v. Prieto, would the public perceive any grave injustice in this being considered a crime of violence under those facts? The government thinks the public would not perceive any grave injustice. We have, even if you disagree with my third prong argument, the district court's statements at sentencing reflect its careful consideration of the sentence. The Weickerink case that's cited in the government's brief is an example of where this court relied on that. And finally, as was discussed, this is a three-month difference. I agreed that, you know, if I were in, I wouldn't want to serve one extra day of prison that I don't have to, but it is still something that this court considers. In Solano-Hernandez, the disparity was six months. That was insufficient. In Weickerink, it was 180 months, and that was not sufficient. But we have some where it is sufficient with lesser amounts. Correct. You can put him on a, put him in a thing before, just to see. I agree. I agree with the federal public defender that sometimes when it comes to the fourth prong, it varies. It's an individualized case determination under our precedent. Absolutely. Absolutely. And I expect no matter what happens in, you know, with Rosales-Morales, which is the Supreme Court public defender reference, I expect that's what's going to be emphasized as a standard. It's the individual case before. It's not automatic. Escalante-Reyes was absolutely right in the government's view. That was taken only on the shock point, wasn't it? I mean, it's whether or not the formulation of the fourth prong, the shock, the conscience. But that's not our formulation. That's, I mean, that's not really our. We've said since that case that that's not our formulation. And I've never, I have not cited it in my briefing. And the Supreme Court's going to. I mean, it has, I agree that there are cases you can cite that say that. Correct. But we've said now that that's crept in. Right. But just getting back to this case, under the individual facts of this case, is this any one of those rare cases meriting this court's exercise of its corrective discretion? The government does not believe so. If the court has no further questions, we ask that you affirm the judgment of the district  Thank you. Thank you. Your Honor, with respect to the novel issue about whether 12022.7 is a conviction, the statute, the California statute itself, talks about punishment. And Judge Elrod, as you've spoken about opening the gates, I really think it's the same thing as, or it could be the same thing as an 841 enhancement with serious bodily injury. If the government is right, then a defendant who is convicted of possession with intent to distribute drugs that results in serious bodily injury or death, and there is a jury determination or an admission of that, then suddenly drug trafficking becomes a crime of violence. And I think it's very clear that that's not what the case law is. The California courts, not just the Ninth Circuit, talk about this as an enhancement, finding true to an allegation. It is not a conviction. And when we talk about a functional equivalent, that's exactly what the court was saying in Apprendi and Cotton and Alene. It may not be an element, but it's the kind of thing that has to be proved to a jury beyond a reasonable doubt. And that's what 12022.7 is, but it is not a conviction. With respect to the fact that the California offense has to be volitional, that is lay a cow.  The person deliberately, volitionally, intentionally gets behind the wheel when they're drunk. It's still negligent. It's still accidental. And in fact, the dissent in Mendez and Riquez warned about the slippery slope of relying on whether something is volitional. The question is whether it can be negligent. It can. And in fact, it can be mere delivery of drugs resulting in death, which clearly is not the use of force. In terms of the fact that the guideline itself talks about a conviction, I think that's just grammar. The guideline says that you get one additional point for a conviction. It wouldn't make sense to say you get one point for convictions. And then as the court has suggested, this commentary is really just reading what the guideline says. There's no inconsistency. The history of the guideline, both before and after Stinson, is this was to address the problem of people who have multiple convictions for crimes of violence, particularly way back when in separate incidents, that there should be an additional point. Perhaps you want to use your last few minutes to talk about prong four and whether or not your client's criminal history would dictate or would lead us to not correct this error. I don't think it does, Your Honor, because in fact, and in contrast to Melina Martinez, who had something like five or six burglary convictions, this is his only conviction. It's a serious conviction, but it is one incident. It is, as I say, the kidnapping that resulted in someone killing the defendant. And it was 12 years earlier, all of which are factors that the court did consider in terms of the length of time. There was a discussion about why he came back. It is certainly a serious offense, but it is the only offense. And the nature of the error, the error of treating it as separate convictions, goes to the heart of the fact that it isn't separate. It's all one serious incident, but it should have been treated as one incident, Your Honor. Thank you. Thank you. This case is submitted. The court will